# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN DAVIS, #1734875, § | | |
| PETITIONER, § | | |
| § | | |
| V. § | CIVIL NO. 3:22-CV-569-X-BK | |
| § | USCA NO. 22-10639 | |
| DIRECTOR, TDCJ-CID, § | | |
| RESPONDENT. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the District Judge's order of reference, the August 8, 2022 limited remand from the United States Court of Appeals for the Fifth Circuit was referred to the United States Magistrate Judge for recommendation or determination. Doc. 15. The issue is whether Petitioner Benjamin Davis delivered his notice of appeal to prison officials for mailing on or before June 9, 2022, the last day for filing a timely notice of appeal. Doc. 13. The Court finds that he did not.

The docket confirms that Davis mailed his June 27, 2022 notice of appeal and motion for leave to proceed *in forma pauperis* ("IFP motion") in the same envelope. Doc. 10; Doc. 11. His IFP motion, however, was signed and dated on June 19, 2022, Doc. 11, and the envelope was post-marked on June 22, 2022, both dates well after the June 9, 2022 deadline for filing a timely notice of appeal. Doc. 10 at 5.

On August 19, 2022, the Court ordered Davis to file a sworn declaration to establish the timely filing of his notice of appeal. Doc. 17. In response, Davis filed three nonresponsive, indecipherable requests: *Motion to Change Venue*, *Motion to Discover Extradition*, and *Motion*

*Sworn Mandamus Declaration & Transient Enroute Change of Venue*. Doc. 18; Doc. 19; Doc. 20. As with his other pleadings in this and other cases, Davis wrote all over the pages of these filings leaving no margins and presenting only sentence fragments. However, Davis has not filed a sworn response showing that his notice of appeal was tendered timely to prison officials for mailing.

Because Davis is confined in state prison, the prison mailbox rule applies. Under that rule, his notice of appeal "was filed at the time [he] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988) (footnote omitted); *accord* Fed. R. App. P. 4(c)(1). Davis has the burden to establish that his notice of appeal was timely, namely that it was delivered to prison authorities for mailing to the court clerk on or before the deadline for filing a notice of appeal. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019).

> A prisoner can establish timely filing of a notice of appeal under the prison mailbox rule by providing a notarized statement or a declaration under penalty of perjury stating the date on which the document was given to prison authorities and attesting that the postage was prepaid, or by providing other evidence, such as a postmark or date-stamp, showing timely delivery and prepayment of postage.

*Cave v. Warden*, 2019 WL 1953111, at *1 (6th Cir. Feb. 5, 2019) (per curiam) (citing Rule 4(c)(1)).

Davis has wholly failed to offer any evidence to show that his notice of appeal is timely. Consequently, the Court **FINDS** that Davis has failed to meet his burden of showing that he delivered his notice of appeal to prison officials for mailing on or before June 9, 2022, the last day for filing a timely notice of appeal. Further, the other evidence of record, as recounted

above, supports only the opposite conclusion—that the notice of appeal was untimely filed.

**SIGNED** September 21, 2022.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).